UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
PRINCIPAL HANS-GASTON,

                Plaintiff,

- against -

NEW YORK STATE EDUCATION
DEPARTMENT ACCESS – VR STATE
UNIT,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-4691 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On July 1, 2024, Plaintiff Principal Hans-Gaston ("Plaintiff"), who brings this action *pro se*, filed a complaint along with an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Dkts. 1, 2.) For the reasons discussed below, Plaintiff's IFP application is denied. In order to proceed with this action, Plaintiff is granted until August 19, 2024 to either file a Long Form IFP application or to pay the $405.00 filing fee.

The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Davis v. N.Y.C. Dep't of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. N.Y.C. Health & Hosps. Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A plaintiff seeking to proceed IFP must submit an affidavit stating "that [he or she] is unable to pay" filing fees "or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 of the IFP statute authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." *Id.* § 1915(e)(2)(A). Courts in this district often dismiss an action under this provision when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. *See, e.g.*, *Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2–3 (E.D.N.Y. June 2, 2021); *Humphrey*

*v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 22-CV-664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).

The Court finds Plaintiff's IFP application implausible, and is not satisfied that he is unable to pay the filing fee to commence this action. Plaintiff writes that he earns $91.00 bi-weekly, received a one-time settlement of $7,700.00 in February 2024, has $138.00 in a checking or savings account, has no assets, his only expense is $275.00 per month for "office rent," and has $20,000.00 in debt. (*See generally* Dkt. 2.) "'Because no one can live on no income and no assets,' affidavits asserting that the plaintiff has no income and no assets *without further explanation* 'must be incomplete and, by extension, fail to support *in forma pauperis* status.'" *Jones v. ACS/Queens Field Off.*, No. 23-CV-5742, 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (quoting *Amanda M. v. Kijakazi*, No. 22-CV-353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022)). To the extent that Plaintiff relies on another person for support, he is obliged to indicate as much on his application. *Id.* ("One potential explanation, which 'a court may consider' when 'assessing an application to proceed *in forma pauperis*,' is that the applicant has access to resources 'from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.'" (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002))).

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied. Plaintiff is granted until August 19, 2024 to file a Long Form IFP application that provides the information necessary to make an indigency determination, such as an explanation of how Plaintiff supports himself and details of

all his expenses, or to pay the $405.00 filing fee. Plaintiff is warned that failure to comply with this Order shall result in the dismissal of this action.

      The Clerk of Court is respectfully directed to mail a Long Form IFP application to Plaintiff, along with a copy of this Order, and note the mailing on the docket.  All further proceedings shall be stayed.

      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

      SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 19, 2024
      Brooklyn, New York