UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PRINCIPAL HANS-GASTON,

                Plaintiff,

    - against -

NEW YORK STATE EDUCATION
DEPARTMENT ACCES – VR STATE
UNIT,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-4691 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Principal Hans-Gaston ("Plaintiff") brings this action *pro se* against the New York State Education Department Office of Adult Career and Continuing Education Services—Vocational Rehabilitation ("ACCES-VR") program, invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, and seeking money damages. (*See* Compl., Dkt. 1.) For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, but his complaint is dismissed. Plaintiff is granted until September 6, 2024 to file an amended complaint.

## BACKGROUND

      Plaintiff brings this action *pro se* against ACCES-VR, which is a vocational rehabilitation program run by New York State that "assists individuals with disabilities to achieve and maintain employment and to support independent living through training, education, rehabilitation, and career development." New York State Education Department Adult Career & Continuing Ed Services, https://www.acces.nysed.gov/vr (last visited Aug. 6, 2024). Plaintiff's complaint is difficult to understand, but it appears that on June 24, 2024, an Impartial Hearing Officer ("IHO") issued an adverse decision regarding Plaintiff's services. Plaintiff states that the "[IHO's]

unsupported Decision is yet without observation of procedure required by law resulting in permanent loss/damage." (Compl., Dkt. 1 at 5.)  Plaintiff further states that the "discriminatory and corrupt nature of the State Unit's action(s) multiply the clearly detrimental and debilitating effects of the . . . adverse final Decision." (*Id.*)  Plaintiff seeks $7,000,000 "and any punitive and/or exemplary damages [the Court] now finds appropriate." (*Id.* at 6.)

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Though courts are required to hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted), *pro se* plaintiffs still must comply with Federal Rule of Civil Procedure 8, *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) ("While we construe *pro se* pleadings liberally, the basic requirements of Rule 8 apply to self-represented and counsel alike." (internal quotation marks omitted)).  "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint."  *Id*.  Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

I.   **Plaintiff's Motion for Leave to Proceed** *In Forma Pauperis*

On July 1, 2024, Plaintiff filed a short form *in forma pauperis* ("IFP") application. (Dkt. 2.) On July 19, 2024, the Court denied Plaintiff's IFP application and directed Plaintiff to file a long form IFP application or to pay the $405.00 filing fee by August 19, 2024. (Mem. & Order, Dkt. 4 at 1–2.) The Court reasoned that the information Plaintiff provided in his initial IFP application was insufficient to establish that Plaintiff was unable to pay the filing fee. (*Id.* at 2.) On July 24, 2024, Plaintiff filed a long form IFP application. (Dkt. 5.) The Court finds that through his long form IFP application, Plaintiff has demonstrated his inability to pay filing fees pursuant to 28 U.S.C. § 1915(a)(1). (*See id.* (demonstrating that Plaintiff's monthly income is $750, and his monthly expenses are $793).) Consequently, the Court grants Plaintiff's motion for leave to proceed *in forma pauperis*.

II.  **Plaintiff's Complaint**

The Court is unable to determine exactly what claims Plaintiff is attempting to allege and thus cannot evaluate whether Plaintiff's allegations state a claim for relief. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-CV-6692 (HG) (SJB), 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege"). Even liberally construing the Complaint in Plaintiff's favor, it fails to state a claim upon which relief can be granted.

Moreover, to the extent that Plaintiff seeks to bring claims against ACCES-VR, which is a state-run program, any such claims must be dismissed because "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]"

3

*Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Id.*; *see also Martinez v. Santamaria*, No. 14-CV-7634 (RWS), 2015 WL 4241398, at * 4 (S.D.N.Y. July 13, 2015) (dismissing claims against ACCES-VR because "as an arm of the State," it is "entitled to Eleventh Amendment immunity").

## LEAVE TO AMEND

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).  Considering this Court's duty to liberally construe *pro se* complaints, the Court will allow Plaintiff to file an amended complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure.  *Cruz v. Gomez*, 202 F.3d 593, 596–97 (2d Cir. 2000).

If he chooses to file an Amended Complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting the claim.  Plaintiff should describe what each named defendant or defendants did or did not do, and how each defendant caused Plaintiff injury, and only name defendants that were personally involved.  Plaintiff must also provide the dates and locations for each relevant event.

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed.  28 U.S.C. § 1915(e)(2)(B).  Plaintiff is granted until September 6, 2024 to file an Amended Complaint.

The Amended Complaint will replace, not supplement, the original complaint, and must be captioned as "Amended Complaint" and include the same docket number as this Order: 24-CV-4691 (PKC) (LB).

Any Amended Complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed. If Plaintiff fails to amend the Complaint by September 6, 2024, judgment shall be entered.

For free, confidential, limited-scope legal assistance, Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a general complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 7, 2024
Brooklyn, New York